IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01482-KLM

ROGER T. REICH, and
STEPHANIE BARRON,

      Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

      Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Defendant's **Motion to Strike Bob and Lisa Rennick as Trial Witnesses** [#32][1] (the "Motion").  Plaintiffs filed a Response [#39].[2]  For the reasons set forth below,

      IT IS HEREBY **ORDERED** that the Motion [#32] is **GRANTED**.

      Defendant asks the Court to strike Bob Rennick and Lisa Rennick (collectively, the

---

[1]  "[#32]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

[2]  At the outset, the Court notes that Plaintiffs' response that Defendant failed to confer is disingenuous.  Plaintiffs suggest that if Defendant had simply conferred, "the parties would have reached agreement on this issue, and this motion practice would have been unnecessary."  *Response* [#37] at 2.  Plaintiffs seem to be saying that if Defendant had conferred, Plaintiffs would have withdrawn the witnesses.  However, while Defendant's conferral may not have been perfect, Plaintiffs have failed to explain why they could not have discussed the issue with Defendant and reached agreement in response to the Motion [#32].  Moreover, Plaintiffs' decision to file a Response instead of to further confer exacerbated the "motion practice" they purport to wish to avoid.  Accordingly, the Court will not deny the Motion on the basis of insufficient conferral.

"Rennicks") as trial witnesses because Plaintiffs disclosed them after the close of discovery. *Motion* [#32] at 5.  Plaintiffs' only justification for failing to list the Rennicks as witnesses is that they were identified as people with knowledge in discovery responses. *Response* [#39] at 2.  This argument, however, is not compelling.  Giving credence to this assertion would require the Court to attribute an uncanny level of prescience to Defendant. The Court agrees with Defendant that knowledge of the existence of a person is distinctly different from knowledge that the person will be relied on as a fact witness.  *See Gallegos v. Swift & Co.*, No. 04-cv-01295-LTB-CBS, 2007 WL 214416, at *3 (D. Colo. Jan. 25, 2007) (rejecting plaintiff's argument that defendant was on notice of certain witnesses identified in an untimely disclosure because the names of the witnesses were obtained from defendant's own document production); *Jama v. City & Cnty. of Denver*, 280 F.R.D. 581, 584 (D. Colo. 2012).  If a party could call everyone at trial who it previously listed in response to discovery requests, the purpose of Rule 26's requirement for disclosures would be diluted.  Plaintiffs identified these persons no later than February 11, 2015, as persons with knowledge, and yet Plaintiffs did not disclose that they might be used as fact witnesses until submission of the Fourth Supplemental Disclosure on April 15, 2015. *Motion* [#32] at 1; *Response* [#39] at 2.  The discovery deadline passed on February 16, 2015. *Scheduling Order* [#16].  The Court finds that the delay in disclosure of these two witnesses violates Rule 26(e).

Pursuant to Fed. R. Civ. P. 37(c)(1), if a party fails to comply with its continuing disclosure obligations pursuant to Rule 26(e), the party should not be "allowed to use [the violative] information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."  "The determination of whether

a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).  The Tenth Circuit identified four factors for consideration in determining whether the failure to disclose is substantially justified or harmless: (1) the prejudice or surprise to the impacted party, (2) the ability to cure the prejudice, (3) the potential for trial disruption, and (4) the erring party's bad faith or willfulness.  *Id.*  The Court addresses each in turn.

Plaintiffs waited to designate the Rennicks until April 15, 2015, approximately two months after the discovery deadline.  Due to the timing of the disclosure of these witnesses, Defendant did not have the opportunity to investigate the evidence related to these them.  "A key policy goal of requiring parties to keep their disclosures current is 'to avoid trial by ambush.'"  *Gallegos*, 2007 WL 214416, at *2 (citing *Macaulay v. Anas*, 321 F.3d 45, 50 (1st Cir. 2003)).  Here, Plaintiffs' timing is akin to trial by ambush, only on paper.  While Plaintiffs are "not required to marshal all of [Defendant's] evidence, Rule 26(a)(1) [and, subsequently, 26(e)] disclosures must be sufficiently detailed to allow [Defendants] to make intelligent decisions regarding how [they] will efficiently use the limited number of depositions permitted under the Rule 16 scheduling order."  *Sender v. Mann*, 225 F.R.D. 645, 656 (D. Colo. 2004) (citation omitted); *see also D.L. v. Unified Sch. Dist. No. 497*, 270 F. Supp. 2d 1217, 1241 (D. Kan. 2002), *vacated on other grounds by D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223 (10th Cir. 2004) ("Plaintiffs' failure to make the required disclosures . . . undermined defendants' ability to conduct discovery as related to the[ ] witnesses," and was thus prejudicial.).  Defendant simply did not get a chance to determine how to utilize its allotted discovery regarding the witnesses at issue,

due to the delay in Plaintiffs' disclosure.

Moreover, "delay and mounting attorneys fees can equate to prejudice." *Sender*, 225 F.R.D. at 656 (citing *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993)). Allowing Plaintiff to call the Rennicks would necessitate the re-opening of discovery, in order to permit Defendant to prepare a defense regarding these witnesses' testimony. As such, the Court finds that the first factor weighs in favor of striking the witnesses, because Defendant is indeed prejudiced, in terms of time, money, and effort, by the delayed issuance of Plaintiffs' disclosures.

Regarding the second and third factors, a trial in this matter is set to begin on June 22, 2015, and the Final Pretrial Order [#29] has been entered.  However, as in *Sender*, this Court believes that "[t]o suggest that sanctions are not appropriate simply because the trial court can provide a further extension of time or delay the trial would effectively reward [Plaintiffs'] non-compliance." *Sender*, 225 F.R.D. at 657.  The Court cannot ignore the obvious disruption to the imminent trial.  Rewarding Plaintiffs' delayed disclosures with the re-opening of discovery and prolonging the trial would be an insult to the spirit of Fed. R. Civ. P. 1, which requires construction of the Federal Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding."  The Court finds that although the prejudice suffered by Defendant might be curable, doing so under these circumstances is unreasonable and unwarranted.  The Court additionally concludes that the disruption to the upcoming trial is sufficiently meaningful that these two factors weigh in favor of striking these witnesses.

Regarding the fourth factor, Plaintiffs have the burden to justify the late disclosures. *See Gallegos*, 2007 WL 214416, at *3 (stating that the plaintiff, as non-movant, bore

burden to justify untimely and otherwise deficient disclosures).  Plaintiffs state that they failed to disclose these witnesses because they incorrectly thought that disclosure via written discovery was sufficient.  *Response* [#39] at 2.  Assuming the veracity of Plaintiffs' counsel's statements, provided here as an officer of the Court, and in the absence of evidence to the contrary, the Court finds that Plaintiffs did not act in bad faith.  Thus, the final factor weighs against striking these witnesses.

Weighing the *Woodworker's Supply, Inc.* factors, the Court concludes that Plaintiffs' delayed disclosure in this case is not substantially justified or harmless.  Thus, according to the provisions of Fed. R. Civ. P. 37(c)(1), the Court **GRANTS** Defendant's Motion [#32], and therefore strikes the following witnesses from testifying at trial: (1) Bob Rennick, and (2) Lisa Rennick.

Dated:  June 9, 2015

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge