IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01482-KLM

ROGER T. REICH, and
STEPHANIE BARRON,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on Plaintiffs' **Motion to Apply Statutory Penalty** [#71] (the "Statutory Penalty Motion"), Plaintiffs' **Motion for Prejudgment Interest** [#72] (the "Prejudgment Interest Motion"), and Plaintiffs' **Motion for Attorneys' Fees and Costs** [#73] (the "Fees and Costs Motion") (collectively, the "Motions"). Defendant filed a Response to each of the Motions [#78, #77, #74]. No Replies were filed. The Court has reviewed the pleadings, the case file and the applicable law and is fully advised in the premises. For the reasons set forth below, the Statutory Penalty Motion [#71] is **GRANTED**, the Prejudgment Interest Motion [#72] is **DENIED**, and the Fees and Costs Motion [#73] is **GRANTED in part, DENIED in part** and **DENIED without prejudice in part.**

### I. Background

Plaintiffs brought claims for breach of contract and violation of Colo. Rev. Stat. § 10-

3-1115 relating to Defendant's alleged failure to pay and delay in paying benefits under a residential property insurance policy. *Final Pretrial Order* [#29] at 2. After a three-day jury trial, the jury found for Plaintiffs on both claims, finding that the insurance company failed to pay $15,714.63 in benefits and unreasonably delayed in paying $465,318.11 in benefits. Following the verdict, Plaintiffs requested that the Court apply the "statutory penalty" of "two times the covered benefit" to the judgment regarding unreasonably delayed benefits, and also sought an award of prejudgment interest, attorneys' fees and costs.

## II.  Analysis

### A.  The Statutory Penalty Motion

Colo. Rev. Stat. § 10-3-1116(1) reads: "A first-party claimant as defined in section 10-3-1115 whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit." The parties do not dispute that Plaintiffs are first-party claimants as defined in Colo. Rev. Stat. § 10-3-1115. Plaintiffs assert that the statutory language regarding "two times the covered benefit" requires the Court to award them twice the verdict amount for delayed benefits (i.e., $930,636.22) as a statutory penalty. *Statutory Penalty Motion* [#71] at 5. Defendant asserts that the statutory language is ambiguous and that "'two times the covered [benefit]' must be deemed to be inclusive of the benefit itself," because Plaintiffs' construction of the language would amount to an impermissible "duplication of damages" or "double recovery." *Response* [#78] at 2-3.

The Court agrees with Plaintiffs. This Court has repeatedly held that

> [N]owhere does the section state that "two times the covered benefit" shall include or account for those benefits already paid or sought in another claim.

> Nor does it state that an insured-plaintiff's total recovery is capped at two times the amount of covered benefits or that the court must subtract from the . . . verdict any benefits already paid or awarded elsewhere. [Colo. Rev. Stat.] section 1116 prescribes what a plaintiff may recover under a claim brought thereunder, not what a plaintiff may be left with after aggregating a section 1116 award, other claims, and prior payments. . . .

*Rabin v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, 863 F. Supp. 2d 1107, 1111-112 (D. Colo. 2012); *see also Etherton v. Owners Ins. Co.*, No. 10-cv-00892-PAB-KLM, 2013 WL 5443068, at *3 (D. Colo. Sept. 30, 2013) (holding "[t]he Court . . . concludes that the phrase 'covered benefit' as used in § 10-3-1116(1) does not incorporate the amount of contract damages into the amount plaintiff can recover, but rather uses the covered benefit as a unit for measuring the amount of the penalty."); *D. R. Horton, Inc. v. Mountain States Mut. Cas. Co.,* No. 12-cv-01080-RBJ, 2013 WL 6169120, at *6 (D. Colo. Nov. 25, 2013) (holding "the plain language of the statute creates a distinct penalty defined as 'two times the covered benefit,' presumably in an effort to discourage insurers from unreasonably delaying or denying a contractual benefit."); *Nigro v. Encompass Indem. Co.*, No. 14-cv-03464-MEH, 2015 WL 855069, at *2 (D. Colo. Feb. 26, 2015) (same).

Moreover, the Colorado Court of Appeals has reached the same conclusion. *See Hansen v. American Fam. Mut. Ins. Co.*, No. 11CA1430, 2013 WL 6673066, at *9 (Colo. App. 2013), *cert. granted,* No. 14SC99, 2014 WL 5510047 (Colo. 2014) ("According to the statute the award to be made to the prevailing claimant is not the damages suffered by the claimant caused by the delay in the payment of the benefit, but rather two times the covered benefit the payment of which was unreasonably delayed or denied.") Federal court jurisdiction in this case rests solely on diversity of citizenship. [#29] at 2. In that circumstance, when there is no controlling decision by the highest court of a state, "a

decision by an intermediate court should be followed by the Federal court, absent convincing evidence that the highest court would decide otherwise." *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 957 (10th Cir. 2011) (quoting *Webco. Indus., Inc. v. Thermatool Corp.,* 278 F. 3d 1120, 1126 (10th Cir. 2002)). Defendant has failed to convince the Court that the Colorado Supreme Court will disagree with the Court of Appeals' conclusion in *Hansen*.

Accordingly, the Statutory Penalty Motion [#71] is **granted.**

**B.     The Prejudgment Interest Motion**

Plaintiffs seek prejudgment interest in the amount of $21,717.85 relating to the jury's verdict in their favor regarding unreasonably delayed benefits in the amount of $465,318.11. *Prejudgment Interest Motion* [# 72] at 5. They base their request not on their breach of contract damages or the bad faith statute, but instead on Colo. Rev. Stat. § 5-12-102(1)(b), which generally permits recovery of interest "when money or property has been wrongfully withheld." *Id.* at 2. Defendant asserts that both Colo. Rev. Stat. § 10-3-1115 and § 10-3-1116 "are penal statutes, and penal awards are not subject to prejudgment interest." *Response* [#77] at 1. They point out that a District Judge of this court has concluded that a prevailing plaintiff "is not entitled to prejudgment interest on any damages awarded pursuant to Colo. Rev. Stat. § 10-3-1116 . . . [because the statute] is penal in nature and designed to promote deterrence, thus this portion of the damages is not properly subject to prejudgment interest." *Spokas v. Am. Fam. Mut. Ins. Co.,* No. 12-cv-00380-WYD-KLM, 2015 WL 3948098, at *4 (D. Colo. Jun. 26, 2015).

I agree with Defendants and with the analysis of Judge Daniel in *Spokas*. Because

the statutes under which Plaintiffs prevailed for unreasonable delay in benefits are penal in nature, prejudgment interest may not be awarded on this portion of the damages. Plaintiffs do not seek an award of prejudgment interest on the damages for breach of contract; instead they assume for the purposes of the Prejudgment Interest Motion that those damages are included in the verdict amount relating to unreasonable delay of benefits. [#72] at 1 n.1. Accordingly, the Prejudgment Interest Motion [#72] is **denied.**

## C.     The Fees and Costs Motion

Plaintiffs also seek an award of reasonable attorneys' fees and costs pursuant to Colo. Rev. Stat. § 10-3-1116(1), which provides for recovery of "reasonable attorney fees and court costs and two times the covered benefit." *Fees and Costs Motion* [#73] at 1. They submit affidavits of counsel [#74, #75] and a "2012 Economic Survey Snapshot" from the Colorado Bar Association to establish reasonable billing rates ($400 per hour for W. Randolph Barnhart, Esq. ("Barnhart") and $275 per hour for Melissa A. Hailey, Esq. ("Hailey")) [#73-1]. Plaintiffs seek $26,712.00 for the work performed by Mr. Barnhart and $92,647.50 for the work performed by Ms. Hailey. [#73] at 3. Finally, Plaintiffs seek an award of costs for filing fees, computerized legal research, witness and mileage fees, printing/copying fees, deposition expenses, attorney travel expenses, and a transcript of the opening statement of defense counsel. *Id.* at 3-9.

Defendant suggests that Mr. Barnhart's reasonable hourly rate should be $350 instead of $400 per hour, resulting in attorneys' fees of $23,373 for work performed by him. *Response* [#79] at 1-2. Defendant does not dispute the hourly rate charged by Ms. Hailey, but takes issue with certain of her time entries, including meeting and deposition time when

she did not examine the deponent, *id.* at 2-3, "continued trial prep document review and strategizing," *id.* at 3, expert witness meeting and preparation time, *id.*, and time for work performed relating exclusively to Plaintiffs' common law bad faith claim, *id.* at 3-4.  Finally, Defendant objects to Plaintiffs' attempts to recover for the cost of computerized legal research as well as "unnecessary" deposition transcripts.  *Id.* at 5.

Pursuant to D.C.COLO.LCivR 54.3, a party seeking an award of expenses must provide "a detailed description of the services rendered, the amount of time spent, the hourly rate, and the total amount claimed; and a summary of the relevant qualifications and experience."  Plaintiffs submitted two Affidavits [#74, #75] authored by Mr. Barnhart and Ms. Hailey.  The Affidavits, along with supporting documentation, include an itemized list of fees incurred, the hourly rates charged by counsel and explain their experience.  *Id.*  Plaintiffs have also submitted documentation of costs incurred. [#73-2 - #73-10].  The Court finds that Plaintiffs have satisfied the requirements of Local Rule 54.3.

   **1.   Hourly Rates**

Both implicit in any award of attorneys' fees, and explicit in the award in the instant case, is the requirement that any such fees must be reasonable.  *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986) (stating that a party requesting attorneys' fees has burden to "prove and establish the reasonableness of each dollar, each hour, above zero"); *Robinson*, 160 F.3d at 1281 (stating that a prevailing party must make good faith effort to exclude from a fee request any excessive, redundant or otherwise unnecessary hours).  A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience.  *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002); *Malloy v. Monahan*, 73 F.3d 1012,

1018 (10th Cir. 1996).  The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community."  *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998).  In order to satisfy this burden, Plaintiffs must produce "satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Plaintiffs request attorneys' fees calculated at the rate of $400 per hour for Mr. Barnhart and $275.00 per hour for Ms. Hailey.  *See Motion* [#73] at 3.  In support of these attorneys' hourly rates, Mr. Barnhart provides an Affidavit [#74] in which he states that he is an attorney duly licensed to practice in this court; that he was admitted to practice in Colorado in 1974; that he has tried 15-20 bad faith cases to verdict; that he was lead trial counsel in the case where the Colorado Supreme Court recognized the tort of bad faith breach of insurance contract for the first time; and that he has been involved in "approximately 200 insurance bad faith and related cases in [his] career."  Ms. Hailey provides an Affidavit [#75] in which she states that she has been a licensed attorney since 2006 and has practiced in New Mexico, Arizona and Colorado; that she has served as counsel of record in 13 bad faith actions; and that she has significant experience in federal court litigation.

The Court calculates fees based on prevailing rates in the Denver metropolitan area.  *See Scadden v. Weinberg, Stein & Assoc., LLC*, No. 12-cv-02454-PAB-MEH, 2013 WL 1751294, at *5 (D. Colo. Apr. 23, 2013).  Plaintiffs provide a copy of the Colorado Bar Association's *2012 Economic Survey Snapshot.*   [#73-1].   Using this document, Mr.

Barnhart's and Ms. Hailey's hourly rates as they relate to attorneys with their level of experience at a firm in Denver the size of Antonio Bates Bernard P.C. exceed the median rates, which are about $255 per hour for Mr. Barnhart and $225 per hour for Ms. Hailey. *Id.* at 18. The Court notes, however, that these median rates are for 2012 and not for 2014-2015, the time frame in which this case was litigated.

"If the district court does not have adequate evidence of prevailing market rates for attorney fees, then it may, 'in its discretion, use other relevant factors, including its own knowledge, to establish the rate.' A district judge may consider his or her 'own knowledge of prevailing market rates as well as other indicia of a reasonable market rate.'" *Reichers v. Del. Asset Mgmt.*, No. 13-cv-02171-CMA-CBS, 2013 WL 6096136, at *3 (quoting *Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006)). Based on the Court's experience, as well as the evidence provided by the parties regarding the prevailing market rate in the Denver area for attorneys of Mr. Barnhart's and Ms. Hailey's experience representing plaintiffs in this type of case, the Court finds that hourly billing rates of $400 per hour for Mr. Barnhart and $275 per hour for Ms. Hailey are reasonable rates for Plaintiffs' attorneys. *See Home Loan Inv. Co. v. St. Paul Ins. Co.*, 78 F. Supp. 3d 1307, 1317-20 (D. Colo. 2014) (generally discussing the prevailing rates for attorneys in Colorado).

### 2.   **Hours Expended**

A party seeking an award of attorneys' fees must demonstrate that the expenses it seeks are reasonable. *See Dewey v. Hewlett Packard Co.*, No. 05-cv-01482-REB-MJW, 2007 WL 707462, at *1 (D. Colo. Mar. 5, 2007). Therefore, counsel must make a good faith effort to exclude hours or costs that are "excessive, redundant or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Generally, the starting

point for any calculation of reasonable attorneys' fees is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433; *Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996). The Court is not required to reach a lodestar determination in every instance, however, and may simply accept or reduce a fee request within its discretion. *Hensley*, 461 U.S. at 436-37.

Defendant argues that duplicative, excessive or unnecessary hours billed by Ms. Hailey should be reduced or eliminated. *See Response* [#79] at 1-2. First, Ms. Hailey expended 23.2 hours total on attending meetings and depositions where, according to Defendant, only Mr. Barnhart examined the deponents. Defendant argues that this was duplicative. *Response* [#79] at 2. Second, Ms. Hailey expended 51 hours total between April 17 and May 6, 2015 on "continued trial prep document review and strategizing." Defendant submits this time is excessive. *Id.* at 3. Third, Ms. Hailey spent 27 hours between June 15 and 17, 2015, preparing an expert witness for trial. Defendant submits that 10 hours of time is appropriate for this task. *Id.* Finally, Defendant asserts that time spent on Plaintiffs' common law bad faith claim should not be reimbursed, because Plaintiffs voluntarily dismissed that claim on the eve of trial. *Id.*

The Court exercises its "discretion in making this equitable judgment" and does not "apportion the fee award mechanically" by considering each claimed expense and determining its reasonableness overall. *Hensley*, 461 U.S. at 436-40 (holding that the Court "should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained"); *see also White v. GMC, Inc.*, 908 F.2d 675, 684-85 (10th Cir. 1990) (noting that the amount of fees accumulated to secure the desired result must be reasonably related to the type and significance of issue in dispute). Based on the

undersigned's thirty years of combined private and judicial experience and careful consideration of the Affidavits and the issues underlying this matter, the Court finds that Ms. Hailey's time attending depositions and preparing the expert witness is excessive and should be reduced. The Court will not award fees for 19 hours of deposition time and 17 hours of expert witness preparation time, thus reducing Ms. Hailey's total hours by 36. The Court concludes that the remaining claimed hours are reasonable, particularly because the time spent on the common law bad faith claim cannot be reasonably segregated from the time spent on the remaining claims, and because attorney work relating to the common law bad faith claim was undoubtedly useful for prosecution of Plaintiffs' other claims. *See, e.g.*, *Onesource Commercial Prop. Servs., Inc. v. City & Cty. of Denver*, No. 10-cv-02273-WJM-KLM, 2011 WL 3583398, at *2 (D. Colo. Aug. 12, 2011). Accordingly, the attorneys' fees portion of the Motion for Fees and Costs is **granted in part and denied in part**.

Thus, the Court finds that: (1) Mr. Barnhart's hourly compensation of $400.00 is reasonable; (2) Ms. Hailey's hourly compensation of $275.00 is reasonable; (3) the 66.78 hours of attorney time recorded by Mr. Barnhart are reasonable, *see* [#74-1] at 3; and (4) 300.9 hours of attorney time recorded by Ms. Hailey are reasonable. [#75-1] at 5. Accordingly, the Court concludes that Plaintiffs are entitled to an award of $109,459.50 in attorneys' fees ($82,747.50 for Ms. Hailey's time plus $26,712.00 for Mr. Barnhart's time).

Defendant does not contest the majority of the costs sought by Plaintiffs [#79] at 5. Defendant does contest the costs attributed to Plaintiffs' computerized legal research and certain deposition transcripts. *Id.*

The parties are generally in agreement that Plaintiffs are to be awarded costs in this action. *See Fees and Costs Motion* [#73] at 3-9; *Response* [#79] at 5. However, the

appropriate method for determining the amount of and obtaining the award of costs is to follow the procedure outlined in D.C.COLO.LCivR 54.1.

Accordingly, to the extent the parties seek an order determining the amount of costs to be awarded to Plaintiffs, the request is **denied without prejudice**. The parties are directed to comply with D.C.COLO.LCivR 54.1 with respect to the award of costs in this action.

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Statutory Penalty Motion [#71] is **GRANTED.**

IT IS FURTHER **ORDERED** that the Prejudgment Interest Motion [#72] is **DENIED**.

IT IS FURTHER **ORDERED** that the Fees and Costs Motion [#73] is **GRANTED in part, DENIED in part and DENIED without prejudice in part**.

IT IS FURTHER **ORDERED** that Plaintiffs are awarded the statutory penalty in the amount of $930,636.22 and attorneys' fees in the amount of $109,459.50.

IT IS FURTHER **ORDERED** that Judgment shall enter in favor of Plaintiffs and against Defendant in the amount of $1,055,810.35 ($15,714.63 [jury verdict for unpaid benefits] + $930,636.22 [statutory penalty] + $109,459.50 [attorneys' fees]), plus costs to be taxed in accordance with D.C.COLO.LCivR 54.1.

Dated: March 31, 2016

BY THE COURT:

*/s/ Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge